UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KRIS TRACY | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. CV-0091484 |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Defendant WAL-MART STORES TEXAS, LLC, ("Walmart"), and files this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446, removing the above-captioned case from the County Court at Law No. 3 of Galveston County, Texas, to the United States District Court for the Southern District of Texas, Galveston Division.

### I.
### RELEVANT FACTS AND NATURE OF SUIT

1. Plaintiff, Kris Tracy ("Plaintiff"), claims he slipped and fell on the premises of a Walmart store in League City, Texas on or about March 30, 2022. *See* Exhibit A, Plaintiff's Original Petition at ¶ 8. Plaintiff asserts premises liability and negligence causes of actions against Walmart. *See Id.* at Section VI, ¶¶ 9-17. Plaintiff's lawsuit expressly seeks monetary relief exceeding $1,000,000.00. *See Id.* at ¶ 27.

### II.
### TIMELINESS OF REMOVAL

2. Plaintiff commenced this lawsuit by filing his Original Petition April 20, 2023. Plaintiff served Walmart with his Original Petition on May 12, 2023, putting Walmart on notice that he seeks damages exceeding $75,000.00. *See* Exhibit A, Plaintiff's Original Petition at ¶ 27.

3. Walmart now timely files this Notice of Removal within 30 days after it was served. 28 U.S.C. § 1446.

## III.
## BASIS FOR REMOVAL JURISDICTION

4. Removal is proper under 28 U.S.C. §§ 1441 and 1332 because there is complete diversity of citizenship between the parties and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A. Diversity of citizenship exists between the parties.**

5. At the time of the filing of this Petition, Plaintiff resided in Galveston County, Texas. *See* Exhibit A, Plaintiff's Original Petition at ¶ 2. Therefore, Plaintiff was, and is still, a citizen of the State of Texas.

6. Plaintiff sued Wal-Mart Stores Texas, LLC. Defendant Wal-Mart Stores Texas, LLC is now and was at the time of filing of this action a Delaware Limited Liability Company with its principal place of business in Arkansas. The citizenship of an LLC is the same as the citizenship of all of its members. *Harvey v. Grey Wolf Drilling, Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Wal-Mart Real Estate Business Trust is the sole member of Wal-Mart Stores Texas, LLC.

7. Wal-Mart Real Estate Business Trust is a statutory business trust organized under the laws of the State of Delaware with its principal place of business in Arkansas. The citizenship of a statutory trust is the citizenship of its members, which includes its shareholders. *Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1016 (2016); *Bynane v. Bank of New York Mellon for CWMBS, Inc. Asset-Backed Certificates Series 2006-24*, 866 F.3d 351, 358 (5th Cir. 2017); *U.S. Bank Tr., N.A. v. Dupre*, 615CV0558LEKTWD, 2016 WL 5107123, at *4 (N.D.N.Y. Sept. 20, 2016) (finding that a Delaware statutory trust "seems precisely like the type [of trust] considered by the Supreme Court in *Americold*"). The sole unit/shareholder of Wal-Mart Real Estate Business Trust is Wal-Mart Property Co.

8. A corporation is "'a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" *MidCap Media Fin., L.L.C.*, 929 F.3d at 314. Wal-Mart Property Co. is an incorporated entity under the laws of the State of Delaware with its principal place of business in Arkansas. Therefore, Wal-Mart Property Co. is a citizen of Delaware and Arkansas. Wal-Mart Property Co. is also a wholly owned subsidiary of Wal-Mart Stores East, LP.

9. Wal-Mart Stores East LP is a Delaware limited partnership. The citizenship of a limited partnership, for diversity jurisdiction purposes, is based upon the citizenship of each of its partners. *Harvey*, 542 F.3d at 1079. WSE Management, LLC is the sole general partner of Wal-Mart Stores East, LP, and WSE Investment, LLC is the sole limited partner. The citizenship of these LLCs is determined by the citizenship of each of its members. See *id.* at 1080. The sole member of WSE Management, LLC and of WSE Investment, LLC is Wal-Mart Stores East, LLC (f/k/a Wal-Mart Stores East, Inc.).

10. Wal-Mart Stores East, LLC is a limited liability company formed under the laws of the State of Arkansas and has its principal place of business in Arkansas. The citizenship of an LLC is the same as the citizenship of all its members. *Id.* The sole member of Wal-Mart Stores East, LLC is Walmart Inc. (f/k/a Wal-Mart Stores, Inc.).

11. Walmart Inc. is an incorporated entity under the laws of the State of Delaware and has its principal place of business in Arkansas. Therefore, Walmart Inc. is a citizen of Delaware and Arkansas. *MidCap Media Fin., L.L.C.*, 929 F.3d at 314.

12. Accordingly, for diversity purposes, Defendant Wal-Mart Stores Texas, LLC is a citizen of Delaware and Arkansas.

13. Thus, this lawsuit is between citizens of different states, and there is complete diversity of citizenship between Plaintiff and Wal-Mart Stores Texas, LLC pursuant to 28 U.S.C. § 1332.

**B. The amount in controversy exceeds $75,000.**

14. For purposes of a removal, a defendant's notice of removal only needs to include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014).

15. Here, this suit became removable at the time Plaintiff filed and served Defendant with the instant lawsuit. *See* Exhibit A. For this reason, the amount in controversy requirement has been satisfied.

## IV.
## THIS NOTICE IS PROCEDURALLY CORRECT

14. Based on the aforementioned facts, the State Court Action may be removed to this Court by Walmart in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Texas, Galveston Division; (ii) venue is proper in this District because the state court where the action is pending is in this District; (iii) this action is between citizens of different states; and (iv) the amount in controversy exceeds $75,000.00, exclusive of interest and costs as specifically plead in the Petition.

15. Upon filing of this Notice of Removal of the cause, Walmart gave written notice of the filing to Plaintiff and his counsel as required by law. A copy of this Notice is also being filed with the Clerk of the County Court at Law No. 3 of Galveston County, Texas, where this

cause was originally filed. A copy of all processes, pleadings, and orders has been filed separately with this Court pursuant to 28 U.S.C. § 1446(a).

16. Walmart retains the right to supplement the jurisdictional allegations by affidavit, declaration, or otherwise should Plaintiff challenge the allegations in a motion or other filing.

## V.
## CONCLUSION AND PRAYER

17. Walmart has established that the amount in controversy exceeds $75,000.00 as of May 12, 2023, and that diversity of citizenship exists between the parties. Therefore, removal is proper and timely in this case.

Respectfully submitted,

**BUSH & RAMIREZ, PLLC**

*/s/John A. Ramirez*
John A. Ramirez
State Bar No. 00798450
Amy E. Parette
State Bar No. 24121044
5615 Kirby Drive, Suite 900
Houston, Texas 77005
Telephone: (713) 626-1555
Facsimile: (713) 622-8077
jramirez.atty@bushramirez.com
aparette.atty@bushramirez.com

**ATTORNEYS FOR DEFENDANT,
WAL-MART STORES TEXAS, LLC**

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE on this 8th day of June 2023.

    Jeffrey N. Todd
    The Todd Law Group, PLLC
    12929 Gulf Freeway, Suite 301
    Houston, Texas 77034

                                                  _____
                                                  Amy E. Parette